## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **BRYANT SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:12-CV-00126-ODE-LTW** |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES, LLC, and** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

1.      In response to paragraph 1 of the Complaint, without conceding whether or not Plaintiff states any viable claim for relief, Experian admits that Plaintiff's Complaint purports to seek damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*  Experian denies that Plaintiff is entitled to any relief from Experian.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.

Experian further admits that it is qualified to do business and does conduct business in the State of Georgia, and that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.      In response to paragraph 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 7 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 8 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Complaint.

9.     In response to paragraph 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 9 of the Complaint.

10.     In response to paragraph 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 10 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 11 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and

specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.   In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.   In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 13 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint.

14.   In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.   In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 15 that relate to the other

defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

**COUNT I – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Equifax)**

16.    In response to paragraph 16 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 15.

17.    In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.    In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.    In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

<u>COUNT TWO – VIOLATIONS OF THE FCRA</u>
<u>(Plaintiff v. Experian)</u>

22.     In response to paragraph 22 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 21.

23.     In response to paragraph 23 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT THREE – VIOLATION OF THE GEORGIA
## FAIR BUSINESS PRACTICES ACT
### (Plaintiff v. Experian and Equifax)

27.     In response to paragraph 27 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 26.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 28 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates

to Experian.  As to the allegations in paragraph 29 that relate to the other

defendants, Experian does not have knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies, generally and

specifically, each and every remaining allegation of paragraph 29 of the Complaint.

## JURY DEMAND

30.     In response to paragraph 30 of the Complaint, Experian admits that

Plaintiff has demanded a trial by jury.  Experian states that this is a legal

conclusion which is not subject to denial or admission.

Experian denies Plaintiff is entitled to any of the relief set forth in the Prayer

for Relief from Experian.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth

facts sufficient to state a claim upon which relief may be granted against Experian

and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to

any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE

All claims of negligence against Experian are barred by the qualified

immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that all or some claims for relief in the Complaint are barred by the applicable statutes of limitation, including, but not limited to, 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

## ELEVENTH AFFIRMATIVE DEFENSE

Experian did not act with malice or willful intent toward Plaintiff but rather acted in good faith at all times in its dealings with him.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the privileges and immunity afforded Experian by the Fair Credit Reporting Act and by common law, including but not limited to qualified privilege and immunity, conditional privilege and immunity, and/or absolute privilege and immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted to the extent they are inconsistent with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Experian's conduct is governed by the Fair Credit Reporting Act, and Experian acted at all times in compliance with the Fair Credit Reporting Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for exemplary and punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution, and violate the Constitution and laws of Georgia.

## FIFTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For Experian's costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:        March 14, 2012                Respectfully submitted,


                                            s/ Maureen P. McAneny
                                            Maureen P. McAneny
                                            Georgia Bar No. 190355
                                            JONES DAY
                                            1420 Peachtree Street, N.E.
                                            Atlanta, Georgia  30309-3053
                                            Telephone:  (404) 581-8327
                                            Facsimile:  (404) 581-8330
                                            mmcaneny@jonesday.com

                                            *Attorneys for Defendant*
                                            *Experian Information Solutions, Inc.*


        The undersigned certifies, pursuant to LR 5.1C, that this document has been

prepared in Times New Roman, 14 point, as approved by the Court.


                                            s/ Maureen P. McAneny

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

## SERVICE LIST

James Feagle
jfeagle@skaarandfeagle.com
Skaar & Feagle, LLP
108 E. Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
Telephone:  (404) 373-1970
Facsimile:  (404) 601-1855

*Attorneys for Plaintiff*

                                        s/ Maureen P. McAneny
                                        Georgia Bar No. 190355