## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | | |
|---|---|---|
| **BRYANT SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:12-cv-00126-ODE-LTW |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC and EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS, INC.** | ) | |
| | ) | |
| Defendants. | ) | |

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES

Defendant Equifax Information Services LLC ("Equifax") hereby files its Answer and Defenses to Plaintiff's Complaint.

## ANSWER

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. In response to Paragraph 1, Equifax admits that Plaintiff purports to bring this Complaint for alleged violations of the FCRA and state law. Equifax denies that it violated the FCRA or state law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax admits the allegations in Paragraph 2 and that this Court has jurisdiction over Plaintiff's claims.

3. Equifax admits the allegations in Paragraph 3 and that venue is proper in this Court.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax admits the allegations in Paragraph 5.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax denies the allegations in Paragraph 7 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Equifax denies the allegations in Paragraph 8 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Equifax denies the allegations in Paragraph 9 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10. Equifax denies the allegations in Paragraph 10 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. Equifax denies the allegations in Paragraph 11 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Equifax denies the allegations in Paragraph 12.

13. Equifax denies the allegations in Paragraph 13 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 .

14. Equifax denies the allegations in Paragraph 14 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Equifax denies the allegations in Paragraph 15 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Equifax restates and incorporates its answers and defenses to Paragraphs 1-15 as if fully set forth herein.

17. Equifax admits the allegations in Paragraph 17.

18. Equifax admits the allegations in Paragraph 18.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20.

21. Equifax denies the allegations in Paragraph 21.

22. Equifax reasserts and reincorporates its answers and defenses to Paragraphs 1-21 as if fully set forth herein.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 .

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 26.

27.  Equifax reasserts and reincorporates its answers and defenses to Paragraphs 1-26 as if fully set forth herein.

28.  Equifax denies the allegations in Paragraph 28 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.  Equifax denies the allegations in Paragraph 29 as they pertain to Equifax.  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30.  Equifax admits that Plaintiff has demanded a jury trial. Equifax likewise demands a jury trial.

Equifax denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Prayer for Relief.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

### **First Defense**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fourth Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom, or for which, Equifax is not responsible.

### Fifth Defense

At all relevant times herein, Plaintiff's alleged damages, which Equifax denies exist, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**Seventh Defense**

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

**Eighth Defense**

Equifax has complied with the Georgia Fair Business Practices Act n its handling of Plaintiff's credit file, if any, and is entitled to each and every defense state in the Act and any and all limitations of liability.

Equifax reserves the right to add additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   Equifax be dismissed as a party to this action;

(3)   Equifax recover from Plaintiff its expenses of litigation, including but

not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) Equifax recover such other and additional relief, as the Court deems just and appropriate.

Dated: March 14, 2012

Respectfully submitted,

KING & SPALDING LLP

By: __Betsey L. Tate__
Barry Goheen
Georgia Bar No. 299203
Lewis P. Perling
Georgia Bar No. 572379
Betsey L. Tate
Georgia Bar No. 401088
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: btate@kslaw.com
Email: lperling@kslaw.com
Attorney for Equifax Information
    Services LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: March 14, 2012

/s/ Betsey L. Tate
Betsey L. Tate